UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **EXPLORER PIPELINE COMPANY** ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Case No 17-cv-330-GKF-FHM |
| ) | |
| **AMERICAN GUARANTEE &** ) | JURY TRIAL DEMANDED |
| **LIABILITY INSURANCE COMPANY** ) | |
| **Defendant** ) | |

## COMPLAINT

Plaintiff, Explorer Pipeline Company ("Explorer"), for its Complaint against Defendant American Guarantee & Liability Insurance Company ("AGLIC"), alleges and states as follows:

## NATURE OF COMPLAINT

1. This is an action for monetary damages and declaratory judgment arising out of AGLIC's breach of its insurance contract with Explorer.

## PARTIES

2. Explorer is a Delaware corporation with its principal offices at 6120 S. Yale Ave., Tulsa, Oklahoma 74136-4250.

3. AGLIC is an insurance company organized and existing under the laws of New York with its principle place of business in Schaumburg, Illinois.

4. AGLIC is licensed by the Oklahoma Insurance Commission to do business in Oklahoma and can be served with process through the Oklahoma Insurance Commissioner pursuant to Okla. Stat. tit. 36 §§ 621, 622.

1

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as it concerns a controversy between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) insofar as AGLIC resides in the Northern District and a substantial part of the events or omissions giving rise to the claim occurred in the Northern District.

**FACTS**

7. Explorer is a pipeline company, headquartered in Tulsa, Oklahoma, that owns and operates a pipeline and associated facilities extending from Port Arthur, Texas (near Houston, Texas) to Hammond, Indiana (near Chicago, Illinois) (the "Pipeline").

8. Explorer obtained a contract of insurance from AGLIC (the "Policy") which was entered into and delivered in Tulsa, Oklahoma to provide coverage for the Pipeline and any damages (including costs of investigation and remediation) incurred in connection with the release of petroleum products from the Pipeline. The Policy is to be governed and construed according to Oklahoma law.

9. The Policy was an Excess Liability Policy (Policy No. EOG 9309894-01) issued to Explorer, on a follow form basis, effective October 1, 2003 to October 1, 2004.

10. The Policy provided liability coverage of twenty-five million dollars each occurrence/aggregate, in excess of a five million dollar self-insurance retention.

11. The insurance policies underlying the Policy included a twenty-five million dollar policy (Policy No. GE 2977830) issued by National Union Fire Insurance Company of Pittsburgh, PA (the "National Union Policy") and a twenty-five million dollar first layer excess

policy (Policy No. C000931/002) issued by Allied World Assurance Company, Ltd. ("AWAC Policy").

12. On or about September 28, 2004, the Pipeline unexpectedly ruptured near Holdenville, Oklahoma, resulting in the release of diesel fuel into the environment (the "Release").

13. Explorer determined that the released diesel fuel permeated the subsurface soil and rock formations to a depth of approximately 40 feet and migrated through fractures in the subsurface rock.

14. The Oklahoma Corporation Commission ("OCC") is the state agency with jurisdiction over the cleanup of the Release from the Pipeline.

15. The OCC has directed Explorer to investigate and remediate the Release.

16. Upon evaluating the results of the investigation and potential methods for remediating the Release, it was determined that the most effective method to remediate the diesel fuel would be to excavate the impacted soil and treat the soil ex-situ. This information was reviewed by National Union and AWAC, both of which agreed with the conclusions.

17. The approved remediation process involves excavating and stockpiling uncontaminated soil, excavating the soil and rock contaminated by the Release, treating the contaminated soil and rock using an on-site thermal desorption system, stockpiling the treated materials as necessary and backfilling and restoring the area with the treated materials and uncontaminated soil.

18. Explorer sought competitive bids for the remediation work and awarded the contract to James R. Roderick and Associates ("Roderick") in or about July, 2005.

19. As of December 31, 2016, Roderick had excavated and treated approximately 1,340,000 tons of soil at the site.

20. To date, Explorer has expended over $65,500,000 on the investigation and remediation of the Release and expects to spend significant additional amounts to complete the remediation project.

21. Throughout the remediation process, Explorer worked closely with National Union and, later, with AWAC to review progress, evaluate potential remediation alternatives and cost reduction measures, and receive approval of its actions.

22. The costs incurred by Explorer in connection with the investigation and remediation of the Release are covered damages under the National Union, AWAC and AGLIC policies.

23. Explorer has paid the self-insured/retailed liability amount of $5,000,000 under the Policy toward investigation and remediation of the Release.

24. As of November, 2015, both National Union and AWAC had paid the limits of their policies ($25,000,000 each) to Explorer for covered damages associated with the investigation and remediation of the Release without any reservation of rights.

25. As of November 15, 2015, Explorer met the damage threshold necessary to trigger coverage under the AGLIC Policy by virtue of having exhausted the $5,000,000 self-insurance amount and the policy limits for covered damages under the National Union and AWAC policies.

26. Despite the payment of the full limits of the underlying policies by National Union and AWAC (a total of $50,000,000) toward investigation and remediation of the Release, AGLIC has refused and continues to refuse to honor its identical obligations for

payment of covered damages under its Policy and, on information and belief, has instead engaged in a payment delay strategy beginning in approximately November, 2015, and continuing through the present – more than a year and a half.

27. Between November 15, 2015 and May 15, 2017 Explorer submitted to AGLIC claims for payment of covered damages in the total amount of $8,624,906.96 as follows:

| Invoice Date | Submission No. | Amount |
|---|---|---|
| Nov. 2015 | 51 | $282,894.45 |
| Dec. 2015 | 55 | $874,452.42 |
| Feb. 2016 | 52 | $951,927.12 |
| Apr. 2016 | 53 | $1,148.396.72 |
| July 2016 | 54 | $992,529.99 |
| Sept. 2016 | 56 | $1,187,864.47 |
| Nov. 2016 | 57 | $1,451.50 |
| Dec. 2016 | 58 | $1,455,353.30 |
| Mar. 2017 | 59 | $592.50 |
| April 2017 | 60 | $1,729,444.49 |
| **Total** | | $8,624,906.96 |

28. To date, AGLIC has paid Explorer only $2,000,000.00 for the above claimed covered damages, subject to a full reservation of rights.

29. Unconditional payments for submission Nos. 51-58 are well past due.

30. Submission Nos. 59-60, submitted on May 15, 2017 will become past due on or about July 15, 2017.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

31. Explorer adopts and incorporates the allegations contained in Paragraph 1 through 30 as if fully set forth herein.

32. Explorer entered a contract for insurance (the Policy) with AGLIC whereby AGLIC agreed to provide coverage for damages in the form of cost expended for investigation and remediation of pollution from petroleum products released from the Pipeline.

33. At all times material hereto, including the time of the Release, the Policy was in full force and effect and Explorer had fully paid all required insurance premiums.

34. Explorer has timely and properly presented a claim for reimbursement of losses covered under the AGLIC Policy.

35. Explorer has complied with the terms and conditions of the Policy and all conditions precedent to payment thereunder by AGLIC for the expenses incurred in connection with the investigation and remediation have been performed or have occured.

36. As of May 15, 2017, Explorer has expended approximately $8,624,906.96 which is subject to payment as covered damages under the Policy.

37. AGLIC has failed to make full and unconditional payment of such damages to Explorer, without reservation of rights.

38. By failing to pay Explorer's covered damages for the costs of investigation and remediation under the Policy, AGLIC has breached its contractual obligation under the Policy.

39. As a result of AGLIC's breach of contract, Explorer has suffered and will continue to suffer significant financial loss.

## COUNT II
## DECLARATORY JUDGMENT

40. Explorer adopts and incorporates the allegations contained in Paragraph 1 through 39 as if fully set forth herein.

41. Explorer seeks declaratory judgment pursuant to 28 U.S.C. § 2201 for purposes of determining a question of actual controversy between the parties concerning Explorer's

coverages under the subject policy.

42. Explorer seeks a declaration that the Policy provides full coverage for payment of past costs expended and all future costs to be incurred by Explorer to complete remediation of the Release and restoration of the land in accordance with the requirements of the OCC until Policy limits are exhausted.

43. Explorer further seeks a declaration that, under the follow form excess policy at issue, AGLIC is not permitted to review or challenge decisions of prior carriers approving actions taken to investigate/remediate the Release and restore of the land.

## PRAYER FOR RELIEF

Wherefore, Explorer Pipeline Company respectfully requests the Court to enter judgment in favor of Explorer and against AGLIC, Inc. for the following:

A. Payment of all contractual benefits for coverages afforded to Explorer under the Policy in connection with investigating and remediating the Release and restoring the land in accordance with the requirements of the OCC.

B. Declaratory judgment requiring AGLIC to pay future costs incurred by Explorer in connection with investigating and remediating the Release and restoring the land in accordance with the requirements of the OCC until Policy limits are exhausted.

C. Declaratory judgment that AGLIC is not permitted to review or challenge decisions of prior carriers approving actions taken by Explorer to investigate/remediate the Release and restore of the land

D. Payment of pre- and post judgement interest on all amounts due.

E. Payment of attorneys' fees, expert fees, costs and expenses for this action.

    F.    Such other relief as the court finds just and proper.

Jury Trial Demanded

Respectfully submitted,

*/s/Robert J Joyce*
Robert J. Joyce, OBA #12728
McAfee & Taft A Professional Corporation
2 West Second St., Ste. 1100
Tulsa, OK 74103
Telephone:    (918) 587-0000
Facsimile:    (918) 599-9317
robert.joyce@mcafeetaft.com

**ATTORNEYS FOR PLAINTIFF EXPLORER PIPELINE COMPANY**