**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EXPLORER PIPELINE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-00330-GKF-FHM |
| | ) | |
| AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | | |

**OPINION AND ORDER**

This matter comes before the court on the Motion to Strike Defendant's Counterclaim Counts I Through V [Doc. #24] by plaintiff Explorer Pipeline Company ("Explorer"). For the reasons set forth below, the motion is granted. However, defendant American Guarantee & Liability Insurance Company ("AGLIC") may amend its counterclaim to assert a single claim for declaratory judgment within ten (10) days of the entry of this order.

**I. Background**

AGLIC issued an excess liability policy to Explorer, designated policy no. EOG 9309894 01, for the effective period of October 1, 2003 to October 1, 2004.

On September 28, 2014, a pipeline owned and operated by Explorer ruptured, resulting in the release of diesel fuel into the environment near Holdenville, Oklahoma. At the behest of the Oklahoma Corporation Commission ("OCC"), Explorer investigated the rupture and undertook remediation efforts.

Explorer sought indemnification under the AGLIC policy for amounts in excess of fifty million dollars ($50,000,000.00)—the collective policy limits of two underlying insurance policies

issued to Explorer by National Union Fire Insurance Company of Pittsburgh, PA and Allied World Assurance Company, Ltd., respectively—associated with the investigation and remediation. AGLIC made an initial payment to Explorer in the amount of two million dollars ($2,000,000.00), but, to date, has not made any additional payments.

On June 12, 2017, Explorer initiated this litigation against AGLIC. Explorer asserts a breach of contract claim and seeks a declaratory judgment that "the Policy provides full coverage for payment of past costs expended and all future costs to be incurred by Explorer to complete remediation of the Release and restoration of the land in accordance with the requirements of the OCC until Policy limits are exhausted."[1] [Doc. #2, p. 7 ¶ 42].

On July 31, 2017, AGLIC filed its Answer and Affirmative Defenses [Doc. #18], and Counterclaim [Doc. #19]. In its Answer and Affirmative Defenses, AGLIC asserted ten affirmative defenses:

**First Affirmative Defense**

    50.    Explorer's Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

    51.    Coverage under the AGLIC Policy, and each policy underlying the AGLIC Policy, is subject to all of the terms of those policies, including the terms, provisions, definitions, exclusions and conditions to coverage. AGLIC has no duty or obligation to indemnify Explorer, or any coverage obligations may decrease, to the extent (i) there is no coverage available for the Contamination or Remediation, in whole or in part, under the National Union Policy to which the AGLIC policy

---

[1] Explorer also sought a declaration that "under the follow form excess policy at issue, AGLIC is not permitted to review or challenge decisions of prior carriers approving actions taken to investigate/remediate the Release and restore of the land." [Doc. #2, p. 7 ¶ 43]. The parties' briefing regarding Explorer's motion to strike does not discuss Explorer's second request for declaratory relief and, therefore, the court concludes that Explorer's second request for declaratory relief is irrelevant to the subject motion.

follows form, or under the AWAC Policy; and/or (ii) the Remediation costs, or other costs, incurred by Explorer were neither reasonable nor necessary.

### Third Affirmative Defense

52. Explorer failed to comply with its duty to mitigate, minimize, or avoid its claimed losses related to the Contamination and the Remediation.

### Fourth Affirmative Defense

53. Explorer breached the cooperation condition of the AGLIC Policy, and its cooperation obligations under the law, regarding the Remediation and Explorer's claim for coverage under the AGLIC Policy.

### Fifth Affirmative Defense

54. Explorer breached the voluntary payments/obligations condition of the AGLIC Policy by voluntarily incurring expenses and obligations without prior notice to and consent of AGLIC. The costs incurred for the Remediation are not covered to the extent they were voluntary payments.

### Sixth Affirmative Defense

55. The costs incurred by Explorer for the Remediation are not covered by the AGLIC Policy to the extent they were not caused by an "occurrence".

### Seventh Affirmative Defense

56. The costs incurred by Explorer for the Remediation are not covered to the extent they were caused by property damage which was either "expected or intended" by Explorer.

### Eighth Affirmative Defense

57. The costs incurred for the Remediation are not covered to the extent they do not arise from "property damage."

### Ninth Affirmative Defense

58. The costs incurred for the Remediation are not covered to the extent they arise from any property damage to property owned, rented, occupied, or used by Explorer, including, but not limited to, all easements and/or rights of way enjoyed by Explorer.

### Tenth Affirmative Defense

> 59. The costs incurred for the Remediation are not covered to the extent they arise from any property damage arising out of a defect, deficiency, inadequacy or dangerous condition in Explorer's Pipeline or its work.

[Doc. #18, pp. 25-26]. AGLIC asserts six counts in its counterclaim: (1) Declaratory Relief – Breach of Duty to Mitigate; (2) Declaratory Relief – Breach of Duty to Cooperate; (3) Declaratory Relief – Voluntary Payments/Obligations; (4) Declaratory Relief – No Occurrence; (5) Declaratory Relief – Owned Property; and (6) Restitution/Reimbursement/Recoupment.

Pursuant to Fed. R. Civ. P. 12(f), Explorer moves to strike AGLIC's counterclaim counts one through five as redundant of AGLIC's affirmative defenses. [Doc. #24].

## II. Standard

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Redundant matters consist of allegations that constitute a needless repetition of other averments or which are wholly foreign to the issue to be decided." *Johnson v. Pinnacle Credit Servs., LLC*, No. 15-CV-00663-WYD-NYW, 2015 WL 6700599, at *2 (D. Colo. Sept. 14, 2015); *WildEarth Guardians v. Salazar*, 30 F. Supp. 3d 1126, 1131-32 (D.N.M. 2011) (same) (quoting *Ctr. of Native Ecosystems v. FWS*, No. 08-CV-2744, 2010 WL 2035580, at *2 (D. Colo. May 20, 2010)). *See also* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.37[3] (3d ed. 2014) ("[G]enerally, courts will strike a claim as 'redundant' when it essentially repeats another claim in the same complaint.").

Although Fed. R. Civ. P. 12(f) grants the court discretion, "[m]otions to strike are a drastic remedy and are disfavored by courts." *EEOC v. Unit Drilling Co.,* 13-CV-147-TCK-PJC, 2014 WL 2211011, at *1 (N.D. Okla. May 28, 2014). "Any doubt as to the striking of a matter in a pleading should be resolved in favor of the pleading." *Occidental Hoteles Mgmt., S.L. v. Hargrave Arts, LLC*, No. 09-CV-526-GKF-PJC, 2010 WL 1490296, at *1 (N.D. Okla. Apr. 8, 2010).

### III. Discussion

Explorer argues that AGLIC's counterclaim counts 1 through 5 are redundant of AGLIC's affirmative defenses—specifically affirmative defenses nos. 3 through 10—and, therefore, the counterclaim counts 1 through 5 should be stricken. In opposition to the motion, AGLIC argues that it is entitled to assert an independent claim for declaratory relief.

The parties do not cite, nor has the court identified, any Tenth Circuit cases considering a motion to strike counterclaims on the basis that the claims are redundant of the defendant/counterclaimant's affirmative defenses. Nor has the court identified any Tenth Circuit cases considering the propriety of striking counterclaims that are "mirror images" of claims included in plaintiff's complaint. *See Am. Gen. Life Ins. v. Bagley*, No. 13-CV-00089-RJS, 2013 WL 5916824, at *3 (D. Utah Nov. 4, 2013) ("The Tenth Circuit Court of Appeals has not addressed whether a counterclaim that is the mirror image of a plaintiff's initial complaint should be dismissed on the grounds that it is redundant and will be rendered moot upon disposition of the complaint."). Accordingly, the court will proceed with caution and resolve any doubt as to striking counterclaim counts 1 through 5 in favor of the counterclaim. *See Occidental Hoteles Mgmts., S.L.,* No. 09-CV-526-GKF-PJC, 2010 WL 1490296, at *1.

Although Explorer argues that counterclaim counts 1 through 5 "merely repeat and repackage" AGLIC's affirmative defenses, the court is not persuaded. [Doc. #24, p. 4]. The relevant AGLIC affirmative defenses articulate eight separate policy defenses, each based on a specific policy provision or condition. AGLIC's counterclaim counts 1 through 5 on the other hand—although packaged as "Declaratory Relief – Breach of Duty to Mitigate," "Declaratory Relief – Breach of Duty to Cooperate," etc.—actually *do not* seek a declaratory judgment as to each separate policy defense or specific policy provision or condition. Instead, counterclaim counts 1 through 5 each seek "a declaratory judgment that AGLIC has no duty or obligation to

indemnify Explorer under the AGLIC Policy for Explorer's losses related to the Contamination and Remediation," [Doc. #19, p. 28 ¶ 65; p. 29 ¶ 71; p. 30 ¶ 79; p. 32 ¶ 89; and p. 33 ¶ 96], and identifies "AGLIC's rights and obligations, if any, under the AGLIC Policy to indemnify Explorer for its losses relating to the Contamination and Remediation" as the sole actual and justiciable controversy. [Doc. #19, p. 28 ¶ 64; p. 29 ¶ 70; p. 30 ¶ 78; p. 32 ¶ 88; and p. 33 ¶ 95].

The court does not interpret AGLIC's counterclaim counts 1 through 5 to seek five separate judgments as to the validity of AGLIC's various affirmative defenses. Rather, the court construes the counterclaims, collectively, to seek a single judicial determination that AGLIC has no duty or obligation to indemnify Explorer under the AGLIC policy for Explorer's losses relating to the contamination and remediation. AGLIC "ha[s] every right to seek a judgment declaring that their interpretation of the contract is the correct one." *See Blue Shield of Kansas, Inc. v. St. Paul Mercury Ins. Co.*, No. 98-4114-R, 1990 WL 41403, at *2 (D. Kan. Mar. 23, 1990) (quoting *Iron Mountain Sec. Storage Corp. v. Am. Specialty Foods, Inc.,* 457 F. Supp. 1158 (E.D. Pa. 1978)).[2]

Nor does the court construe AGLIC's request for declaratory relief as being the mirror image of Explorer's request for declaratory relief. Explorer's complaint seeks a declaration that "the Policy provides full coverage for payment of past costs expended and all future costs to be incurred by Explorer to complete remediation of the Release and restoration of the land *in accordance with the requirements of the OCC*." [Doc. #2, p. 7 ¶ 42 (emphasis added)].[3] AGLIC's

---

[2]Explorer argues that the issues raised by AGLIC in counterclaim counts 1 through 5 will necessarily be addressed in litigating AGLIC's counterclaim VI for recoupment. [Doc. #32, pp. 6-7]. However, AGLIC's recoupment counterclaim relates only to sums previously advanced by AGLIC, and does not seek clarification as to AGLIC's future rights and obligations under the policy. *See* [Doc. #19, p. 34 ¶ 100].

[3] Although the declaratory judgment sought in the complaint's prayer for relief was limited to a declaratory judgment "requiring AGLIC to pay future costs incurred by Explorer in connection

counterclaim, on the other hand, seeks "a declaratory judgment that AGLIC has no duty or obligation to indemnify Explorer under the AGLIC Policy for Explorer's losses *related to the Contamination and Remediation*." [Doc. #19, p. 28 ¶ 65]. At this early stage in the litigation, the court cannot conclude with certainty that losses exist for which Explorer may seek indemnification that, although related to the contamination and remediation, were not incurred by Explorer "to complete remediation of the Release and restor[e] the land *in accordance with the requirements of the OCC*." *See Saenz v. Rod's Prod. Servs., LLC*, 14-CV-00525-RB-GBW, 2015 WL 12866986, at *2 (D.N.M. June 23, 2015) ("'[A] counterclaim seeking a declaratory judgment is not duplicative or redundant if it asserts an independent case or controversy which would remain viable after a dismissal of the plaintiff's claim.'") (quoting *Prograde Ammo Grp., LLC v. Perry*, No. 14-CV-00884-PAB-MEH, 2015 WL 1064266, at *3 (D. Colo. Mar. 9, 2015)). Thus, there may be some losses for which coverage under the policy would not be fully resolved by the declaratory judgment sought by Explorer. The declaratory relief sought by AGLIC is not redundant of Explorer's request for declaratory relief in the complaint.

However, while not redundant of either AGLIC's affirmative defenses or Explorer's request for declaratory judgment, based on its review, the court is persuaded that Explorer's counterclaim "counts" are themselves redundant.[4] Each count seeks a declaratory judgment that

---

with investigating and remediating the Release and restoring the land in accordance with the requirements of the OCC until Policy limits are exhausted," *see* [Doc. #2, p. 7], it is well-settled that "'[t]he prayer forms no part of the cause of action, and . . . a pleader will be entitled to the relief made out by the case and stated in the pleadings, irrespective of what is asked for in the prayer.'" *Lee v. ConocoPhillips Co.*, No. CV-14-1391-D, 2016 WL 7496143, at *4 (W.D. Okla. Dec. 30, 2016) (quoting *Schoonover v. Schoonover*, 172 F.2d 526, 530 (10th Cir. 1949)).

[4] In the motion to strike, AGLIC did not raise the internal redundancy of the counterclaim counts. *See* [Doc. #24]. However, pursuant to Fed. R. Civ. P. 12(f)(1), the court may strike redundant materials *sua sponte*. Further, because the court strikes the counterclaims as redundant on a basis

AGLIC has no duty or obligation to indemnify Explorer under the AGLIC Policy for Explorer's losses related to the Contamination and Remediation. Although the court is persuaded that AGLIC may seek an independent declaration as to its obligations under the policy to Explorer for the contamination and remediation, the court concludes that AGLIC's chosen framework of five separate counts is needlessly redundant. Accordingly, the motion to strike AGLIC's counterclaim counts I through V is granted.

## IV. Conclusion

WHEREFORE, the motion to strike defendant's counterclaim counts I through V [Doc. #24] is granted.

The court further orders that defendant American Guarantee & Liability Insurance Company may file an amended counterclaim to assert a single counterclaim for declaratory judgment (in addition to the existing counterclaim for restitution/reimbursement/recoupment), within ten (10) days of the entry of this order.

DATED this 17th day of November, 2017.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

raised *sua sponte*, the court need not consider the parties' argument regarding whether Fed. R. Civ. P. 12(f) requires a motion to strike movant to demonstrate prejudice.